IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| REBECCA DUNN<br>　　Plaintiff,<br><br>VS.<br><br>MACY'S RETAIL HOLDINGS, INC.<br>　　Defendant, | §<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. _____<br>JURY |

### PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, **REBECCA DUNN, PLAINTIFF,** complaining of **MACYS INC.,** (hereinafter referred to as "**DEFENDANT**") and for cause of action would show the Court as follows:

#### I. INTRODUCTION

1. This lawsuit is brought and jurisdiction lies pursuant to §107(a) of the Americans with Disabilities Act (hereinafter referred to as "ADA"), 42 U.S.C. §12117, which incorporates by reference §706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5.

2. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. § 2000e-5(f)(3), have occurred or been complied with:

    (a) A charge of employment discrimination on the basis of disability was filed with the Equal Employment Opportunity Commission (hereinafter referred to as "EEOC") within 300 days of the commission of the unlawful employment practices alleged herein.

    (b) A Right to Sue notice was received from the EEOC on August 21, 2020.

    (c) This complaint has been filed within 90 days of receipt of the EEOC's Right to

Sue notice.

3. REBECCA DUNN is a resident of Highlands, Texas.

4. DEFENDANT, MACY'S RETAIL HOLDINGS, INC. is a corporation with its office and principal place of business located in Deer Park, Texas. DEFENDANT may be served by serving its registered agent, Corporate Creations Network, Inc. located at 5444 Westheimer Suite 1000 in Houston, Texas 77056 or at any other location where they may be found.

5. DEFENDANT is a "person" within the meaning of § 101(7) of the ADA, 42 U.S.C. § 12111(7), and § 701 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

6. DEFENDANT is engaged in an "industry affecting commerce" within the meaning of Section 101(7) of the ADA, 42 U.S.C. § 12111(7), and Section 701 of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

7. DEFENDANT employs 15 or more employees and is an "employer" within the meaning of Section 101(5)(A) of the ADA, 42 U.S.C. § 12111(5)(A).

8. All the discriminatory employment practices alleged herein were committed within the state of Texas.

## II. STATEMENT OF FACTS

9. Since 2013, PLAINTIFF has been employed by Defendant in numerous duties. PLAINTIFF successfully passed all pre-employment tests and examinations, including a physical examination.

10. In August 2016, PLAINTIFF disclosed to the human resource department of Defendant that she would need an accommodation of having snacks and drinks periodically during the day for her disability of reactive hypoglycemia and diabetes. Plaintiff also had exocrine

pancreatic insufficiency, hemolytic anemia, malabsorption and bile duct insufficiency.

11. In August 2016, PLAINTIFF was told by Chanelle Wiggins that her accommodation was approved.

12. Over the next three years, PLAINTIFF was denied the accommodation by the following managers: Sandra Bryce, Isabel M., Manaan, Monica Nunez, Delvin Lemons and Asley Adams.

13. The accommodation again was brought out by Abbe Maltz in 2017 from the HR department.

14. On December 30, 2017 PLAINTIFF was interrogated By Sandra Bryce and Manaan that if she could not handle the extra work, she needed to go on a leave of absence.

15. Because PLAINTIFF did not take a leave of absence, she was kept physically busy so she could not take the breaks that she needed for her accommodation as previously promised.

16. Managers would cover other employees time so they could take a break but not for PLAINTIFF.

17. PLAINTIFF'S medical problems did not prevent her from performing the essential functions of the job with the DEFENDANT as she was granted the accommodation twice.

### III. CLAIM FOR RELIEF

18. At all times relevant hereto, PLAINTIFF is an individual with a "disability" as that term is defined in Section 3(2) of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12102.

19. PLAINTIFF is a qualified individual with a disability within the meaning of Section 101(8) of the ADA, 42 U.S.C. § 12111(8), in that PLAINTIFF is an individual with a disability, who, with or without reasonable accommodation, can perform the essential functions of

her position with the DEFENDANT.

20. DEFENDANT'S denial of her requested accommodation is a violation of § 102 of the Americans with Disabilities Act, 42 U.S.C. § 12112, which prohibits discrimination on the basis of disability in that DEFENDANT:

   (a) Failed to accommodate PLAINTIFF after approving the accommodation; and

   (b) Retaliated against the PLAINTIFF because of her alleged disability, allowing other employees to take breaks but not the PLAINTIFF.

21. As a direct consequence of DEFENDANT'S denial of a reasonable accommodation requested by PLAINTIFF, DEFENDANT discriminated against PLAINTIFF with respect to the terms, conditions, or privileges of employment because of PLAINTIFF'S disability.

22. DEFENDANT'S discriminatory conduct as to PLAINTIFF was taken with malice and with reckless indifference to the federally protected rights of PLAINTIFF.

23. As a direct and proximate result of DEFENDANT'S discrimination, PLAINTIFF has been deprived of economic benefits, including, but not limited to, lost fringe benefits, loss of job opportunities (promotion) and/or loss wages and benefits.

24. DEFENDANT'S denial of a reasonable accommodation requested by PLAINTIFF has caused, continues to cause, and will cause the PLAINTIFF to suffer substantial damages for future pecuniary losses, mental anguish, loss of enjoyment to life, and other non-pecuniary losses.

## IV. PRAYER FOR RELIEF

PLAINTIFF, REBECCA DUNN respectfully prays the Court to grant the following relief:

   (1) That PLAINTIFF be granted injunctive relief requiring DEFENDANT to employ PLAINTIFF in her prior position before she left the employment.

(2) Enjoin DEFENDANT from any further prohibited discrimination against PLAINTIFF.

(3) Order that PLAINTIFF be awarded the back pay she would have earned, together with related monetary benefits and interest thereon, from May 16, 2019.

(4) Award PLAINTIFF compensatory damages in amount to be determined at trial of this matter.

(5) Award PLAINTIFF punitive damages in an amount to be determined at trial of this matter.

(6) Award PLAINTIFF his attorney fees, including legal expenses, and costs pursuant to Section 505 of the ADA, 42 U.S.C. § 12205.

(7) Grant such other and further relief as may be just and proper.

Plaintiff demands trial by jury.

Respectfully submitted,

    /Philip J. Orth, III/
PHILIP J. ORTH, III
Attorney-In-Charge
State Bar No. 15323070
Federal ID No. 14065
16406 Lamplighter
Crosby, Texas 77532
Phone: 713-520-8333
Fax:    772-217-8162
Email:  Philip.Orth@yahoo.com